IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MIGUEL ANGEL JUAREZ-SOLANO, | § § § |
| Petitioner, | § § § |
| v. | No. 1:26-CV-00031 § § |
| NOEM, et al., | § § § |
| Respondents. | § § |

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Miguel Angel Juarez-Solano's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. # 1), and Federal Respondents' Amended Abbreviated Response (Dkt. # 7).

The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefings and the relevant law, the Court **GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that follow.

FACTUAL BACKGROUND

Petitioner Juarez-Solano is a citizen of Mexico who is currently detained at the T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at 6, 4.) In 1997, Petitioner entered the United States without inspection. (Id. at 6, 2; Dkt. # 1-1 at 2.) He has resided in the United States since then and has four U.S.

1

Citizen children. (Dkt. # 1 at 6, 20.) On November 25, 2025, Petitioner was stopped and taken into ICE custody. (Id. at 19.) Petitioner is being held without the opportunity for a bond hearing. (Id. at 20–21.)

## PROCEDURAL HISTORY

On January 7, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. # 1.) On January 12, 2026, this Court ordered Respondents Kristi Noem, Secretary of the United States Department of Homeland Security; United States Department of Homeland Security ("DHS"); Todd Lyons, Acting Director of United States Immigration and Customs Enforcement; Executive Office for Immigration Review ("EOIR"); Pamela Bondi, United States Attorney General; Vincent Marmolejo, Acting Assistant Field Office Director of the San Antonio Field Office of United States Immigration and Customs Enforcement; and Charlotte Collins, Warden, T. Don Hutto Detention Center, (collectively, "Respondents") to show cause within three days as to why the petition should not be granted. (Dkt. # 4.)

Respondents Kristi Noem, Todd Lyons, Pamela Bondi, and Vincent Marmolejo (herein, "Federal Respondents")[1] timely filed an abbreviated response to the Petition for Writ of Habeas Corpus to preserve their legal arguments and

---

[1] Respondent Collins, Warden of the T. Don Hutto Detention Center, has not joined the response.

conserve judicial and party resources. (Dkt. # 5.) Federal Respondents filed an Amended Abbreviated Response on January 16, 2025, pursuant to the Court's order that same day. (Dkts. ## 7, 6.) Federal Respondents acknowledge that, because there are no material differences between this case and the prior rulings of other courts in this District concerning similar challenges, "the Court can decide this matter without delay." (Dkt. # 7 at 2, 4.) Federal Respondents ask that the Court incorporate the filings in those prior cases[2] into the record of this habeas action. (Id. at 2.)

## LEGAL STANDARD

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." Buenrostro-

---

[2] Specifically, Federal Respondents ask the Court to incorporate the filings in the following matters: Navarro v. Bondi et al., No. 5:25CV1468-FB (W.D. Tex. Dec. 2, 2025); Moradi v. Thompson et al., No. 5:25CV1470-OLG (W.D. Tex. Dec. 18, 2025); Estupinan Reyes v. Thomspon et al., No. 5:25CV1590-XR (W.D. Tex. Dec. 12, 2025); Acosta-Balderas v. Bondi et al., No. 5:25CV1629-JKP (W.D. Tex. Dec. 11, 2025); Tisighe v. De Anda-Ybarra et al., 3:25CV593-KC (W.D. Tex. Dec. 5, 2025); Chauhan v. Noem et al., 3:25CV574-DB (W.D. Tex. Dec. 8, 2025); and Gvedashvili v. Mooneyham et al., 6:25CV552-ADA-DTG (W.D. Tex. Dec. 22, 2025). Federal Respondents initially did not attach their previous responsive briefings in those cases as an exhibit to their Abbreviated Response as directed by the Court. (See dkt. # 5.) Accordingly, the Court ordered Federal Respondents to file an amended response with the briefings they seek to incorporate into the record. (Dkt. # 6.) The Court also directed Federal Respondents to limit their filings to no more than two. (Id.) Federal Respondents timely filed their Amended Abbreviated Response and attached two responsive briefings to the amended response. (Dkt. # 7-1.) The Court has reviewed the attached briefings and will incorporate herein Federal Respondents' legal arguments in those cases.

Mendez v. Bondi, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (internal citation and quotations omitted); 28 U.S.C. § 2241.  The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence."  Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted).  "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'"  Id. (quoting 28 U.S.C. § 2243).

## DISCUSSION

Petitioner challenges his detention without bond under the "mandatory detention" provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(2).  (Dkt. # 1 at 22–25.)  He asserts that his detention under this provision is a violation of the INA, various bond regulations, and his due process rights.[3]  (Id.)  In their Amended Abbreviated Response, Federal Respondents claim that they lawfully detain Petitioner under 8 U.S.C. § 1225(b)(2) and that Petitioner

---

[3] Petitioner also asks the Court for relief pursuant to Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025).  (Dkt. # 1 at 22–23.)  Petitioner contends that he is a member of the Maldonado Bautista Bond Eligible Class and so is entitled to release on bond under 8 U.S.C. § 1226(a).  (Id.)  He asserts that his denial of a bond hearing under § 1226(a) violates the Maldonado Bautista court's judgment in that case.  (Id.)

fails to overcome several jurisdictional hurdles. (Dkts. ## 7; 7-1.) After reviewing the briefing, provided evidence, and relevant law, the Court grants the petition for the same reasons stated in <u>Campuzano v. Noem</u>, No. 1:25-CV-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan. 6, 2026); <u>Fabian-Granados v. Bondi</u>, No. 1:25-CV-2068-DAE, 2026 WL 90061 (W.D. Tex. Jan. 8, 2026); <u>Silva v. Bondi</u>, No. 1:25-CV-2155-DAE, 2026 WL 90060 (W.D. Tex. Jan. 12, 2026). The factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions.

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b)(2); and (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

## CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Habeas Corpus. (Dkt. # 1.) It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Miguel Angel Juarez-Solano from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on January 23, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel by email (fbourliot@gonzalezolivierillc.com) of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release**.

3. Respondents are enjoined from further detaining Petitioner under the asserted detention authority, 8 U.S.C. § 1225. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

4. The parties shall **FILE** individual status reports no later than **6:00 p.m. January 24, 2026**, detailing their compliance with this Order.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, January 20, 2026.

_____
David Alan Ezra
Senior United States District Judge